UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAUL GONZAEZ CASTILLO,<br>Petitioner,<br>v.<br>CHRISTOPHER CHESTNUT,<br>Respondent. | No. 1:26-cv-05657-DJC-SCR (HC)<br><br><u>RELEASE ORDER</u><br>A# A024-698-690 |

Petitioner is a noncitizen detainee proceeding under a pro se Petition for Writ of Habeas Corpus. (Pet. (ECF No. 1).) Petitioner is a native and citizen of Cuba with a final removal order. (Opp'n (ECF No. 10) at 1.) He was previously detained and released under an Order of Supervision while subject to a final removal order. (Reply, Ex. A (ECF No. 8) at 6.) Petitioner has accumulated a lengthy criminal history. (Opp'n, Ex. B.) On April 28, 2026, Immigration and Customs Enforcement ("ICE") revoked Petitioner's release and re-detained him. (Opp'n, Ex. C at 1–2.) He has been detained since.

Where a noncitizen subject to a final order of removal has previously been released based on the non-foreseeability of removal, revocation of that release is governed by 8 C.F.R. § 241.13(i). *See Hoac v. Becerra*, No. 2:25-cv-01740-DC-JDP, 2025 WL 1993771, at *3 (E.D. Cal. July 16, 2025). Section 241.13(i)(2) provides that

such revocation is permissible "if, on account of changed circumstances, the Service determines that there is a significant likelihood that the alien may be removed in the reasonably foreseeable future." The Court may not, in the first instance, make an individualized finding that a change in circumstances has occurred. *See Hoac*, 2025 WL 1993771, at *3. Instead, "when ICE revokes release to effectuate removal, it is ICE's burden to show a significant likelihood that the alien may be removed." *Vu v. Noem*, No. 1:25-cv-01366-KES-SKO, 2025 WL 3114341, at *5 (E.D. Cal. Nov. 6, 2025) (cleaned up) (quoting *Escalante v. Noem*, No. 9:25-cv-00182-MJT, 2025 WL 2206113, at *3 (E.D. Tex. Aug. 2, 2025)); *see Nguyen v. Charles*, No. 1:25-cv-01592-TLN-CSK, 2025 WL 3492117, at *3 (E.D. Cal. Dec. 4, 2025). Where ICE has made a determination that a change of circumstances has occurred, the Court reviews that claim in light of the factors described in 8 C.F.R. § 241.13(f). *See Hoac*, 2025 WL 1993771, at *3. These factors include, but are not limited to:

> [T]he history of the alien's efforts to comply with the order of removal, the history of the Service's efforts to remove aliens to the country in question or to third countries, including the ongoing nature of the Service's efforts to remove this alien and the alien's assistance with those efforts, the reasonably foreseeable results of those efforts, and the views of the Department of State regarding the prospects for removal of aliens to the country or countries in question.

8 C.F.R. § 241.13(f).

In the Notice of Revocation of Release given to Petitioner, Respondents provide two conclusory statements explaining the revocation. First, they state that "[c]ircumstances have changed such that there is a significant likelihood of removal in the reasonably foreseeable future." (Opp'n, Ex. C at 1.) Second, they state that "ICE is seeking a travel document to effect your expeditious removal to Cuba or a 3rd country." (*Id.* at 2.) This notice is insufficient to show changed circumstances. It is "vague and conclusory because it does not provide any information regarding the changed circumstances and how the changed circumstances made petitioner's

removal significantly likely in the reasonably foreseeable future." *Pham v. Warden*, 833 F. Supp. 3d 1092, 1107 (E.D. Cal. 2026) (quotation omitted). "The notice also fails to reference and/or address any of the relevant factors under 8 C.F.R. § 241.13(f)." *Id.* The bare statement that ICE is seeking to remove Petitioner to a third country without further proof about the feasibility of removal – such as an applicable repatriation agreement, the receiving country's acceptance of Petitioner, and the issuance of travel documents – is not sufficient to show changed circumstances under section 241.13. *See Yan-Ling X. v. Lyons*, 813 F. Supp. 3d 1157, 1164 (E.D. Cal. 2025) (holding that a Notice of Revocation that stated only that the Government of China was considering issuing a travel document was not sufficient to show changed circumstances); *Llopiz Estrada v. Warden*, No. 1:26-cv-04120-DJC-SCR, 2026 WL 2192272, at *2 (E.D. Cal. July 29, 2026) (rejecting the Government's identification of Mexico as a removal country where there was no evidence that the Government could feasibly remove Petitioner to Mexico aside from their statement on the revocation notice).

Respondents' briefing in this case does little to cure the deficiencies in the Notice of Revocation of Release. They argue that "DHS has determined there is a significant likelihood that Petitioner will be removed in the reasonably foreseeable future," and that Petitioner has not rebutted the presumption that his detention is lawful. (Opp'n at 3.) However, the burden was on the Government to show changed circumstances, and they failed to offer any specific evidence or argumentation to meet that burden. The Court is concerned with Petitioner's extensive and serious criminal conduct. (Opp'n, Ex. B). However, Respondents did not meet their burden to show changed circumstances under 8 C.F.R. § 241.13(f). Accordingly, this Court grants the petition as to Ground Four and orders Petitioner's release from custody.

////

////

////

////

## CONCLUSION

IT IS HEREBY ORDERED that:

1. Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1) is GRANTED as to Ground Four.[1]
2. Respondents are ordered to immediately Petitioner Raul Gonzalez Castillo from their custody. Respondents shall not impose additional restrictions on him than were already present prior to Petitioner's current detention, unless they are determined to be necessary at a future pre-deprivation/custody hearing.
3. Respondents are ENJOINED AND RESTRAINED from re-arresting or re-detaining Petitioner without a change in circumstances to warrant Petitioner's re-detention.
4. The Clerk is directed to serve California City Detention Facility with a copy of this Order.
5. The Clerk of the Court is directed to close this case and enter judgment for Petitioner. This Order resolves all pending motions.

IT IS SO ORDERED.

Dated: **November 2, 2026**

Daniel J. Calabretta
Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

DJC-10-Castillo- 1:26-cv-05657.merits

[1] In the interests of judicial economy, the Court declines to address the remaining grounds for relief Petitioner has raised.